2009 Ark. 277

**WESTERN SIZZLIN CORPORATION and Western Sizzlin of Little Rock, Inc., Appellants,**

v.

**PARKS LAND COMPANY, LLLP and Parks Management Corporation, Appellees.**

No. 08–1199.

Supreme Court of Arkansas.

May 14, 2009.

Rehearing Denied June 25, 2009.

James, Carter and Coulter, PLC, by: John Coulter; and Wilson, Engstrom, Corum & Coulter, by: Nate Coulter, Little Rock, for appellants.

Friday, Eldredge & Clark, LLP, by: Martin A. Kasten, Little Rock, for appellees.

JIM GUNTER, Justice.

This appeal arises from a jury verdict in the amount of $689,526 in favor of Appellees Parks Land Company, LLLP, and Parks Management Corporation (collectively "Parks") against Appellants Western Sizzlin Corporation and Western Sizzlin Stores of Little Rock, Inc. (collectively "WSC"). We reverse and remand for a new trial.

WSC entered into a lease agreement with Parks, wherein Parks leased four Western Sizzlin restaurants including their equipment to WSC. The lease agreement provided that, upon termination of the lease, WSC "shall surrender the Leased Property to [Parks] in the same condition as existed on the commencement date hereof, broom-cleaned, ordinary and normal wear and tear excepted." Parks filed a complaint on September 22, 2006, claiming that WSC did not operate all of the restaurants continuously during the term of the lease, permitted some of the leased premises to fall into a state of disrepair, improperly disposed of some of the equipment owned by Parks, and failed to clean and maintain other equipment and personal property. The jury found in favor of Parks and awarded $689,526 in damages for its breach-of-contract claim. On March 14, 2008, WSC filed a motion for judgment notwithstanding the verdict, and in the alternative, a motion for a new trial. In its motions, WSC argued that Parks's questioning of its CFO about whether it hired an expert who did not testify was improper. Because the circuit court did not rule on the motions, they were deemed denied. WSC filed a notice of appeal on May 9, 2008.

For its first point on appeal, WSC asserts that the circuit court erred in permitting Parks to refer to WSC's engagement of a non-testifying expert. Specifically, WSC contends that reference to a non-testifying expert is prohibited by Arkansas case law as well as attorney-client and work-product privileges. WSC also asserts that it suffered prejudice as a result of the reference made by Parks regarding the non-testifying expert. Parks responds, asserting that the circuit court did

not abuse its discretion in allowing Parks to examine CFO Robyn Mabe's personal knowledge of WSC's retention of a non-testifying expert because no privilege applied; if any privilege did exist, it was waived; and WSC cannot show prejudice.

In *Arkansas State Highway Commission v. Phillips*, 252 Ark. 206, 478 S.W.2d 27 (1972), we held, with three justices dissenting, that a landowner was permitted to call a staff appraiser hired by the commission and identified as such to give an opinion, although he was not called as a witness by the commission.

In *Arkansas State Highway Commission v. Witkowski*, 257 Ark. 659, 519 S.W.2d 743 (1975), we held that the trial court had not erred in following our holding in the *Phillips* case, but that we would reconsider the issue because *Phillips* had not been a unanimous decision and was contrary to a majority of the other jurisdictions that had considered the issue.

In *Arkansas State Highway Commission v. First Pyramid Life Insurance Co. of America*, 265 Ark. 417, 579 S.W.2d 587 (1979), the circuit court allowed First Pyramid to call an appraisal witness who had been retained by the Commission but not called to testify. In reversing course from our decisions in *Phillips* and *Witkowski*, we discussed the rationale employed by the majority of jurisdictions, stating:

> [T]estimony as to the original employment of the expert is not pertinent to the issue of just compensation and when admitted over the objection of the party who originally employed the expert the same constitutes prejudicial error requiring a new trial.

We thus concluded:

> It follows that the trial court erred in permitting appellee to show that Wesley

Adams had been employed by appellant to make an appraisal of the estimated just compensation due.

*First Pyramid*, 265 Ark. at 421, 579 S.W.2d at 589.[1]

In *Arkansas State Highway Commission v. Johnson*, 300 Ark. 454, 780 S.W.2d 326 (1989), the Commission hired an expert to make an appraisal of condemned land. The Commission did not call the expert at trial. The circuit court allowed the opposing party to call the expert as a witness, and the expert testified that he had been hired by the Commission to appraise the condemned land, which he appraised at $233,600. We reversed the ruling of the circuit court, holding that it was improper to allow the expert to testify that he formed his opinion at the request of the Commission. We also discussed our holding in *First Pyramid*, stating that while the only reason given for the holding was that the original employment of the expert was not "pertinent" to the issue of valuation, other reasons could be found in Justice George Rose Smith's dissenting opinion in *Phillips*. In his dissenting opinion, Justice Smith wrote:

> I would reverse this judgment. In simple fairness a party ought not to be permitted to show, as the appellees did in the trial court, that his adversary has failed to call as a witness an expert whom his adversary employed merely for the purpose of obtaining an opinion. If such testimony has any effect at all, other than its intended purpose to arouse an attitude of passion and prejudice in the jury room, that effect is completely outweighed by the reasons of policy for not admitting such proof and by the weight of authority elsewhere.

---

1. The court in *First Pyramid* mistakenly avers that this issue was resolved in *Witkowski*, when actually we followed the *Phillips* precedent but gave notice to the bench and bar that the issue in *Phillips* would be reconsidered.

*Phillips,* 252 Ark. at 219, 478 S.W.2d at 34 (Smith, J., dissenting). In sum, our holdings in *First Pyramid* and *Johnson* clearly divert from our holdings in *Phillips* and *Witkowski,* thereby making it impermissible to disclose the employment of a non-testifying expert witness.

Turning to the present case, the original employment of WSC's expert was disclosed during Parks's questioning of WSC's CFO Robyn Mabe. Parks asked Mabe whether she had personal knowledge of the employment of an expert by WSC to calculate the cost of repair to the properties. The circuit court allowed the questioning over WSC's objection. During closing argument, Parks's counsel made the following statement:

> Ms. Mabe acknowledged that Western Sizzlin's counsel had engaged a contractor to prepare an estimate. Don't you wonder where he is? Don't you wonder what his report would say? Don't you think that if it said anything less than $469,008 you would have seen him on the witness chair?

Based on our case law, we hold that it was error for the circuit court to allow Parks to refer to WSC's employment of an expert. During closing argument, full advantage was taken of the evidence of the expert's original employment by WSC and the fact that WSC chose not to call the expert as a witness. Reference to the original employment of the non-testifying expert constitutes prejudicial error and requires a new trial. *See First Pyramid, supra.* Because we reverse and remand for a new trial, we need not reach WSC's remaining arguments.

Reversed and remanded.